IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TED ABRAMS, and
A. JAMES STREELMAN,

       Plaintiffs,                             No. 10-CV-0547 MCA/GBW

v.

LASKO PRODUCTS, INC.,

       Defendant.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S FIRST MOTION TO COMPEL

THIS MATTER came before the Court on the Plaintiff's First Motion to Compel, filed on March 7, 2011. *Doc. 42.* Plaintiff moves to compel responses to nine requests for production. *Id.* Briefing was completed on March 28, 2011, and the Court held a hearing on the matter on March 30, 2011. *Doc. 44, 47, 48.*

At the hearing, Defendant withdrew its objections to eight of the requests. *Doc. 48.* Moreover, counsel for Defendant advised the Court that it had produced all responsive documents as to those requests. *Id.* Consequently, the Motion to Compel as to those eight requests will be denied as moot.[1]

---

[1] Counsel for Defendant expressed some concern regarding whether the requested documents are sufficiently identified through the reference to Bradford Brush's deposition. The parties have not filed the Brush deposition so the Court is unable to comment on this concern. In any event, the Court is convinced that further

1

Defendant maintained an objection to the request seeking "any and all documents and records relating to any bribery charges or convictions related to Lasko's operation in China from 2000-2009." Defendant argued that such documents were not relevant to the underlying case and were so unrelated as to not be "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). As discussed at the hearing, the Court is persuaded that the request may lead to admissible evidence and is reasonably calculated to do so. Consequently, the Motion to Compel as to this request for production is granted.

Finally, despite this ruling granting the Motion to Compel in part, the Court finds that Defendant's nondisclosure as to the only contested request was substantially justified. Therefore, the Court will not order payment of expenses by Defendants.

IT IS SO ORDERED.

_____
Gregory B. Wormuth
United States Magistrate Judge

---

communication between counsel can sufficiently address any misinterpretation of the requests. Counsel have agreed to confer further on this issue and to approach the Court at a later time if necessary.